**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Rodriguez,<br><br>            Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>            Defendant. | No. CV 05-1829-PHX-NVW (MEA)<br><br>**ORDER** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the Durango Jail in Phoenix, Arizona. The Court will require an answer to the Complaint.

**A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. An initial partial filing fee of $1.86 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1  collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk
2  of Court.
3        Plaintiff will be obligated for monthly payments of 20 percent of the preceding
4  month's income credited to Plaintiff's trust account. The Court will direct the appropriate
5  agency to collect these monthly payments, which will be forwarded to the Clerk of Court
6  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
7  28 U.S.C. § 1915(b)(2).
8        Plaintiff should take notice that if he is released before the filing fee is paid in full, he
9  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
10 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
11 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
12 he is unable to pay the remainder of the filing fee.

**B.    Statutory Screening of Prisoner Complaints**

14       The Court is required to screen complaints brought by prisoners seeking relief against
15 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
16 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
17 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18 may be granted, or that seek monetary relief from a defendant who is immune from such
19 relief. 28 U.S.C. § 1915A(b)(1), (2).

**C.    Claims and/or Parties to be Served and/or Dismissed**

21      *1.  Service*
22       Plaintiff names Sheriff Joseph Arpaio as the sole Defendant. In his Complaint
23 Plaintiff alleges that he receives insufficient and frequently spoiled food, the jail is severely
24 overcrowded, and the living conditions are unsanitary. These allegations adequately state
25 a claim, and the Court will require an answer to the Complaint.
26      *2.  Dismissal*
27       In his Complaint, Plaintiff refers to <u>Hart v. Hill</u>, No. CIV 77-0479-PHX-EHC (MS)
28 (D. Ariz.), claiming that the conditions of his confinement violate an Amended Judgment in

1 that action. Jurisdiction to enforce the judgment is retained by the court which entered it.
2 Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the
3 proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th
4 Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d
5 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).
6 Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for
7 damages because such orders do not create "rights, privileges, or immunities secured by the
8 Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by
9 which unconstitutional conditions are corrected but they do not create or enlarge
10 constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his
11 claim is not properly brought in this action. Instead, his allegations must separately state a
12 violation of a constitutional right. At this juncture, as described *supra*, Plaintiff's allegations
13 do state a claim for a constitutional violation.

14 **D.     Rule 41 Cautionary Notice**

15      Plaintiff should take notice that if he fails to timely comply with every provision of
16 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
17 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
18 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
19 the Court).

20 **IT IS THEREFORE ORDERED that:**

21      (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is
22 obligated to pay the statutory filing fee of $250.00 for this action. The Maricopa County
23 Sheriff or his designee shall collect from Plaintiff's trust account an initial partial filing fee
24 in the amount of $1.86 and shall forward the amount to the Clerk of Court. Said payment
25 shall be clearly identified by the name and number assigned to this action.

26      (2) The Maricopa County Sheriff or his designee shall collect the filing fee from
27 Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of
28 the preceding month's income credited to Plaintiff's trust account and forwarding the

1 payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in
2 accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the
3 name and number assigned to this action.

4     (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
5 this Order, and both summons and request for waiver forms for Defendant Joseph Arpaio.

6     (4)  Plaintiff shall complete and return the service packet to the Clerk of Court within
7 20 days of the date of filing of this Order.  The United States Marshal will not provide
8 service of process if Plaintiff fails to comply with this Order.

9     (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
10 service of the Summons and Complaint on each Defendant within 120 days of the filing of
11 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
12 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
13 Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

14     (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,
15 and a copy of this Order for future use.

16     (7) The United States Marshal shall notify Defendant of the commencement of this
17 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
18 Rules of Civil Procedure**.**  The notice to Defendant shall include a copy of this Order.  The
19 Marshal shall file waivers of service of the summons or requests for waivers that were
20 returned as undeliverable as soon as they are received.  If a waiver of service of summons
21 is not returned by a Defendant within thirty days from the date the request for waiver was
22 sent by the Marshal, the Marshal shall:

23     (a) Personally serve copies of the Summons, Complaint, and this Order upon the
24 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

25     (b) Within 10 days after personal service is effected, file the return of service for
26 the Defendant, along with evidence of the attempt to secure a waiver of service of the
27 summons and of the costs subsequently incurred in effecting service upon the
28 Defendant.  The costs of service shall be enumerated on the return of service form

TERMPSREF
- 4 -

(USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)  Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11)  Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the

1  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
2  of Civil Procedure.
3      (13) A clear, legible copy of every pleading or other document filed shall accompany
4  each original pleading or other document filed with the Clerk for use by the District Judge
5  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
6  may result in the pleading or document being stricken without further notice to Plaintiff.
7      (14) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rule 72.1
8  and 72.2 of the Local Rules of Civil Procedure for further proceedings.
9      DATED this 27th day of October, 2005.

                                                   /s/ Neil V. Wake
                                                    Neil V. Wake
                                                United States District Judge